*Wissell v. Fletcher Allen Health Care, Inc.*, No. 232-2-12 Cncv (Grearson, J., May 22, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Chittenden Unit | Docket No. 232-2-12 Cncv |

**HEATHER WISSELL**, Individually, and as
Administratrix for the Estate of Dylan M. Wissell
  Plaintiff

  v.

**FLETCHER ALLEN HEALTH CARE, INC.**
  Defendant

### DECISION AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiff has moved pursuant to V.R.C.P. 15 to amend the First Amended Complaint to add common law claims for negligent misrepresentation and intentional misrepresentation. Defendant opposes the motion on the ground that the proposed amendment would be futile.

Amendment of Pleading

A party may amend their pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." V.R.C.P. 15(a). The Supreme Court of Vermont has recognized a liberal policy for permitting amendments to the pleadings. *See, e.g., Lillicrap v. Martin*, 156 Vt. 165 (1991). When the proposed amendment is not prejudicial to the objecting party, and is "not obviously frivolous nor made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny the motion." *Hunters, Anglers and Trappers Ass'n of Vermont, Inc. v. Winooski Valley Park Dist.*, 2006 VT 82, ¶ 17, 181 Vt. 12 (quoting *Bevins v. King*, 143 Vt. 252, 254-55 (1983)). Although a motion for leave to amend should be denied in certain circumstances, "Rule 15(a) tilts heavily in favor of granting motions to amend," and "it is only in 'rare cases' that 'denial of a motion under Rule 15(a) may be justified based upon a consideration of the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.'" *Prive v. Vermont Asbestos Group*, 187 Vt. 280, 286–87 (2010) (quoting *Colby v. Umbrella*, 2008 VT 20, ¶¶ 12–13, 184 Vt. 1).

To determine whether a proposed amendment is "futile," the court must examine whether plaintiff's amended complaint would survive a 12(b)(6) motion to dismiss. *Id*. ¶ 13. "Dismissal under Rule 12(b)(6) is proper *only* when it is beyond doubt that there exist no facts or circumstances, consistent with the complaint, that would entitle the plaintiff to relief." *Id*. ¶ 14 (quoting *Bock v. Gold*, 2008 VT 81, ¶4, 184 Vt. 575) (noting that plaintiffs face an "exceedingly low threshold" for withstanding a 12(b)(6) motion to dismiss, and that such motions "are disfavored and should be rarely granted").

The Parties' Arguments

In her motion to amend, Plaintiff notes that the "issue of informed consent and misrepresentation have been discussed and approved by other courts," *see* Pl.'s Mot. for Leave to File a Second Am. Compl. ("Pl.'s Mot.") 2 (citing *Bloskas v. Murray*, 646 P.2d 907 (Colo. 1982)), that the Vermont Supreme Court has recognized the torts of negligent and intentional misrepresentation, *see id.* (citing *Silva v. Stevens*, 156 Vt. 194 (1991), and that the tort of battery has been found not to be preempted by the Vermont statute on informed consent. *See id.* (citing *Christman v. Davis*, 179 Vt. 99 (2005).

In opposition to Plaintiff's motion to amend, Defendant argues that Plaintiff's proposed amendments are futile and cannot survive a motion to dismiss for three reasons:

(1) Vermont's informed consent statute (12 V.S.A. § 1909) provides the exclusive remedy for any claim based on alleged preoperative misrepresentations made by a physician to a patient, and therefore preempts any common law claims for misrepresentation.

(2) The Vermont Supreme Court has not recognized a cause of action against medical professionals for negligent or intentional misrepresentations.

(3) Even assuming such claims exist at common law and are not preempted by the informed consent statute, Plaintiff cannot possibly satisfy two essential elements of the proposed claims: an actionable misrepresentation and proximate cause.

*See* Def.'s Opp. to Pl.'s Mot. for Leave to File a Second Am. Compl. ("Def.'s Opp.") 2. Plaintiff did not file a response to Defendant's opposition memorandum.

Misrepresentation

The Vermont Supreme Court has adopted the Restatement (Second) of Torts definition of negligent misrepresentation in the context of business transactions:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Limoge v. People's Trust Co.*, 168 Vt. 265, 269 (1998) (citing Restatement (Second) of Torts ("Restatement") § 552(1) (1977); *Silva v. Stevens,* 156 Vt. 94, 108 (1991)). The damages recoverable for a negligent misrepresentation are those "necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause," and do not include "the benefit of the plaintiff's contract with the defendant." *See* Restatement § 552B; *see also*

*Pearson v. Simmonds Precision Products, Inc.*, 160 Vt. 168, 173–74 (1993) (plaintiff not entitled to recover damages for mental and emotional distress in negligent misrepresentation case because § 552 of Restatement limits recovery to pecuniary damages).

Additionally, the Court has set out the elements of fraud, or intentional misrepresentation, as follows:

> An action for fraud and deceit will lie upon an intentional misrepresentation of existing fact, affecting the essence of the transaction, so long as the misrepresentation was false when made and known to be false by the maker, was not open to the defrauded party's knowledge, and was relied on by the defrauded party to his damage.

*Silva*, 156 Vt. 94, 102 (1991) (citing *Union Bank v. Jones*, 138 Vt. 115, 121 (1980)). The measure of damages for intentional misrepresentation is similar to that of negligent misrepresentation, except that the recipient of a fraudulent or intentional misrepresentation in a business transaction "is also entitled to recover additional damages sufficient to give him the benefit of his contract with the maker, if these damages are proved with reasonable certainty." Restatement § 549.

The Supreme Court has never applied these types of negligent or intentional misrepresentation claims to the context of informed consent for medical procedures. Moreover, the Court has never recognized the distinct torts of intentional and negligent misrepresentation involving risk of physical harm as outlined in §§ 310–11 of the Restatement. *See Kellogg v. Wyeth*, 762 F.Supp.2d 694, 706 n.7 (D. Vt. 2010) (observing that the Vermont Supreme Court has "neither adopted nor rejected these sections of the Restatement").

Preemption

In *Christman v. Davis*, the Vermont Supreme Court held that the statutes regulating medical malpractice—12 V.S.A. §§ 1908 and 1909—did not preempt the plaintiff's battery claim. 2005 VT 119, ¶ 12, 179 Vt. 99. Those statutes are defined in §1908 as actions involving "negligence," while battery is an intentional tort stemming from lack of consent as opposed to lack of *informed* consent. *Id*. ¶ 9. The Court further observed that the effect of the informed consent statute "was not to eliminate a traditional theory of liability." *Id*. ¶ 11 (citing *Begin v. Richmond*, 150 Vt. 517, 523 (1988)). If anything, the Court held, "the wording of §§ 1908 and 1909 clearly and expressly states the Legislature had no intent to change the availability or elements of a claim for common-law battery." *Id*. ¶ 10. Furthermore, the particular placement of the medical malpractice statutes within Title 12 indicated the "Legislature's intent to provide rules on burdens of proof and evidentiary requirements for existing claims, rather than to wholly displace substantive common-law theories of medical tort." *Id*. ¶ 10 n.2.

Conclusion

Although the effect of § 1909 may not have been to eliminate a "traditional theory" of liability, neither negligent nor intentional misrepresentation have been recognized as traditional,

common-law theories of liability for medical tort in Vermont. This Court sees no reason to do so now, particularly considering that a physician's alleged nondisclosure or misrepresentation of information to a patient is actionable under the medical malpractice statutes. Further, the Court agrees with Defendant that Plaintiff's reliance on *Bloskas v. Murray*, 646 P.2d 907 (1982) is misplaced. While the Colorado Supreme Court concluded that under the factual scenario in *Bloskas* the evidence was sufficient to present a jury question on negligent misrepresentation independent of the informed consent claim, that case involved Restatement § 311 ("Negligent Misrepresentation Involving Risk of Physical Harm"), which Colorado had adopted and which Vermont has never adopted. *Cf. Willis v. Bender*, 596 F.3d 1244, 1258—59 and n.9 (2010) (explaining that, although Wyoming had adopted Restatement § 552, it had not adopted § 311, and therefore it was "doubtful whether a negligent misrepresentation claim is an avenue of relief available to most patients in Wyoming" because "[a] patient harmed by a physician's misrepresentations may not always suffer economic loss"). Moreover, Plaintiff does not appear to allege that any pecuniary damages, as contemplated by Restatement § 552, were suffered as a direct and proximate result of the alleged negligent or intentional misrepresentation. Instead, Plaintiff alleges personal injury, substantial emotional distress, pain and suffering, and mortal injury. *See* Pl.'s Proposed Second Am. Compl. ¶¶ 50, 57. Thus, Plaintiff does not allege any *additional* damages in her proposed claims that she fails to allege in her informed consent claim. Although the Court does not explicitly hold that the medical malpractice statutes preempt misrepresentation claims against medical professionals, the Court concludes that in this factual scenario, the proposed amendments would be pointless.

## ORDER

Accordingly, Plaintiff's Motion for Leave to File a Second Amended Complaint is **denied**.

So Ordered.

Dated at Burlington, Vermont, May 20, 2014.

_____
Brian J. Grearson
Superior Court Judge